# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| BERGER PROPERTIES OF TEXAS, LLC, | § § § § | Case No. 15-30313 |
| | § | (Chapter 11) |
| Debtor | § | |
| | § § | |
| BERGER PROPERTIES OF OHIO, LLC, | § § § | Case No. 15-30314 |
| | § | (Chapter 11) |
| Debtor | § § | |
| BERGER PROPERTIES OF FLORIDA, LLC, | § § § | Case No. 15-30315 (Chapter 11) |
| Debtor | § § § | |
| BERGER PROPERTIES OF MARYLAND, LLC, | § § § | Case No. 05-30317 (Chapter 11) |
| Debtor | § § § | |
| S & D UNLIMITED, LLC, | § § § | Case No. 15-30318 (Chapter 11) |
| Debtor | § § § | |
| S & D  UNLIMITED OF TEXAS, LLC, | § § § | Case No. 15-30319 (Chapter 11) |
| Debtor | § § § | |
| THE UNLIMITED GROUP, INC. | § § § | Case No. 15-30321 |
| Debtor | § § § § § | (Chapter 11)  (Jointly Administered) |

# MEMORANDUM IN OPPOSITION TO THE RECEIVER'S REQUEST TO REMAIN IN CONTROL OF THE DEBTOR IN POSSESSION AND REQUEST FOR A CHAPTER 11 TRUSTEE

TO THE HONORABLE UNITED STATE BANKRUPTCY JUDGE:

Creditors John Raufus, Mychael Willon, Dianne Vandermark, Sylvia Jones, Dick Munsinger, Myra Munsinger, Diana Cubbage, and Bart Anderson (the "Creditors") in the above-described matter. At the Court's request, pursuant to the January 26, 2015 hearing, the Creditors submit this memorandum on whether the receiver should be allowed to maintain permanent control of the debtor-in-possession.

## INTRODUCTION

1. John Raufus, Mychael Willon, Dianne Vandermark, Sylvia Jones, Dick Munsinger, Myra Munsinger, Diana Cubbage, and Bart Anderson (collectively referred to as "Creditors") are a group of secured and unsecured creditors asserting claims against the Debtors in this action.

2. On January 26, 2015 the Court held a hearing to determine whether a chapter 11 trustee should be appointed.

3. Based on information and belief, Keith M. Northern of Qorval, LLC (the "Receiver"), a receiver appointed by the United States District Court for Eastern Virginia in *Chesapeake Bank v. Stuart D. Berger*, Cause No. 4:14cv66 (the "Civil Action"), a civil matter, seeks to forego the appointment of a chapter 11 trustee and be permanently allowed to manage the debtor-in possession through the chapter 11 trustee.

4. On January 26, 2015, Receiver filed in the Civil Action its Emergency Motion to Clarify or, in the Alternative, Modify Order Appointing Receiver.

## SYNOPSIS

5.      The Creditors continue to express their strong desire for the appointment of a truly disinterested, neutral trustee to administer the Debtor's Estate and, for the reasons stated below, believe Keith Northern should not continue as debtor-in-possession or be appointed as trustee.

**ARGUMENT**

6.      Creditors are seeking the most efficient and neutral mechanism to ensure that all creditors are treated fairly and equally in this bankruptcy proceedings. The first step of this process is the appointment of a disinterested chapter 11 trustee to guide the debtor through the bankruptcy. The Creditors were not in attendance at the hearing on Monday, January 26, 2015 as they were led to believe that the substance of the status conference would be "who" should be appointed as trustee, not "if" a chapter 11 trustee should be appointed.

7.      At the January 20 & 21, 2015 hearing to determine whether the Receiver should retain the property of the estate or the Debtors would be permitted to remain in chapter 11 bankruptcy, the Court heard testimony over a two day period from multiple creditors of the Debtor including Dianne Vandermark and Bart Anderson. These witness provided testimony of their general distrust and disinterest in keeping Mr. Northern as the receiver for the Debtor. The desire of these creditors is the appointment of a chapter 11 trustee.

8.      The Creditors are seeking the guidance of a disinterested trustee. The Receiver has repeatedly proven that the Creditors will not receive the same protections and privileges afforded by a trustee. In particular, the Receiver is not a "disinterested person" as defined by §101(14) of the Bankruptcy Code.

9.      The Receiver is not a "disinterested person" under §101(14) as he likely has an interest that is materially adverse to certain Creditors. In particular, the Receiver has collected the rents paid on certain rental properties owned by Creditors of the Debtor. Despite collecting

the rent, the Receiver did not to distribute the rent or pay the outstanding mortgage payments on the properties. The failure of the Receiver to pay the mortgages on property that is managed, but not owned, by the Debtor, and perform other obligations under the respective contracts, has caused financial harm to certain creditors. These actions of the Receiver likely give rise to claims by the Creditors against the Receiver.

10. Additionally, the Receiver is not a "disinterested person" as he is likely a creditor of the Debtor. The Receiver has been the receiver of the Debtor since October 30, 2014. During this period he has likely accrued significant pre-petition fees which will ultimately be asserted against the Debtor. This creates a conflict with the Receiver, as he would not challenge either the validity or the amount of his own request for his pre-petition fees. Additionally, the Receiver is still the Receiver for Alternatives Unlimited, LLC ("AUI"), a separate entity who is not in bankruptcy. It was established in the January 20 & 21, 2015 hearing, and alleged by Receiver's own counsel, that Debtor is the Guarantor on significant AUI debt. This leads to a conflict to the extent the Receiver does not pay the debts of AUI, he would then be obligating the Debtor's Estate to pay, creating an inherent conflict of interest. If this Court is to allow the Receiver to maintain control as the debtor-in-possession, the Receiver would have to waive any claim for payment of his pre-petition fees as to avoid being both a creditor and the debtor-in-possession in the same proceeding.

11. In what seems to be an admission of their lack of power to control the Debtor as debtor-in-possession, on January 26, 2015, after the hearing, Receiver's counsel filed an Emergency Motion to Clarify or, In The Alternative, Modify Order Appointing Receiver (the "Motion to Modify"). In their Motion to Modify, Receiver's counsel is seeking to expand the scope of powers and duties that the district court granted to the Receiver. Specifically,

Receiver's counsel is seeking the district court to issue an order either clarifying the pre-petition powers, or "modifying the Amended Order to provide that Receiver shall be the sole and exclusive managing member and representative of each of the Receivership Defendants…, with the sole and exclusive power and authority to manage and direct the business and financial affairs of the Receivership Defendants, including, without limitation, the authority to petition for protection under the Bankruptcy Code,…, for any or all of the Receivership Defendants and in connection therewith be and be deemed a debtor-in-possession for any or all of the Receivership Defendants in proceedings under Chapter 11 of the Bankruptcy Code…".  *See* Exhibit A, p. 3. Receiver's counsel recognizes that they were not granted the power to perform as debtor-in-possession and are now seeking, post-petition, to alter the powers of the Receiver. **A conference call on this motion is scheduled for January 28, 2015, at 1:30 p.m., Eastern Time.**

12. The receiver was appointed on about October 30, 2014. He is not the legacy manager of the Debtor's entities and while technically might be eligible to serve as debtor-in-possession he is essentially a professional hired to manage the affairs of the debtors. By allowing him to continue in a professional capacity managing the debtors assets has effectively allowed Mr. Northern to avoid the usual process such professional would have to go through such as the filing of an application to employ and making himself available for a hearing and requiring him to make a series of disclosures establishing his disinterestedness.

13. Receiver has proven that he would not be an adequate substitute for a chapter 11 trustee.  Creditors are seeking the disinterest and neutral representation by a chapter 11 trustee. Creditors urge the Court to permit a truly disinterested trustee to take charge of the Debtor through this chapter 11 bankruptcy proceeding.

## **RELIEF REQUESTED**

WHEREFORE, the Creditors respectfully request that the Court deny the Receiver's request to remain in control of the debtor-in-possess and request that this Court order the appointment of a chapter 11 trustee.

Dated: January  28 , 2015

_____*s/ Harold N. May*_____
Harold N. May
TXSBN: 13264800
Harold "Hap" May, PC
Two Riverway, 15th floor
Houston, Texas 77056
hapmay@outlook.com

**Certificate of Service**

I do hereby certify that on 28th day of January, 2015, a copy of the above and foregoing has been this date served electronically, via email, facsimile, or mailed to the parties listed below:

Eric N. Heyer
Thompson Hine, LLP
1919 M Street, N.W., Suite 700
Washington, D.C. 20036

Christopher Amas
Okin & Adams, LLP
1113 Vine Street, Suite 201
Houston, Texas 77002

US Trustee (Houston)
Office of the US Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002

Thomas Scott Carnes
Roy, Larsen, Carnes & Romm, PC
109A Wimbledon Square
Chesapeake, Virginia 23320

Wells Fargo Bank, N.A.
1 Home Campus
Des Moines, Iowa 50328

Louis Zomper
6546 Kury
Houston, Texas 77002

Ms. Robin Parsley
3901 Nasa Parkway
El Lago, Texas 77586

Mr. and Mrs. John M. Dorsey
564 S. Osceola Avenue
Orlando, Florida 32801

Marcy E. Kurtz
Bracewell & Guilliani, LLP
711 Louisiana Street, Suite 2300
Houston, Texas 77002

Michael D. Mueller
Christian & Barton, LLP
909 East Main Street, Suite 1200
Richmond Virginia 23219

Douglas J. Spring
1915 N. 54th Avenue
Hollywood, Florida 33021

Sun Trust Mortgage, Inc.
1001 Semmes Avenue
Richmond, Virginia 23224

The Chasewood Bank
P.O. Box 90888
Houston, Texas 77209

Brenda Moore
841 Emerson Street
Wichita, Kansas 67212

Tony Scott
City of Cleveland
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

By: _____*s/ Harold N. May*_____
Harold N. May
SBN: 13264800

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| **CHESAPEAKE BANK,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No.** |
| v. ) | |
| ) | **4:14cv66** |
| **STUART D. BERGER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### EMERGENCY MOTION TO CLARIFY OR, IN THE ALTERNATIVE, MODIFY ORDER APPOINTING RECEIVER

Keith M. Northern, of Qorval LLC ("Receiver"), receiver herein, by and through the undersigned counsel, hereby files this *Emergency Motion to Clarify or, in the Alternative, Modify Order Appointing Receiver* ("Motion"). In support thereof, Receiver respectfully shows the Court as follows:

### MOTION

On October 30, 2014, this Court appointed Receiver pursuant to the its authority under 28 U.S.C. § 754 and Fed. R. Civ. P. 66 (Doc No. 49, "Original Order"). The Orginal Order was clear that the Receiver possessed the full power of an equity receiver. Original Order, at 1. After having the Receiver's efforts frustrated by the acts of Stuart D. Berger ("Mr. Berger") and his counsel, Chesapeake Bank filed its *Emergency Motion to Clarify or, in the Alternative, Modify Order Appointing Receiver* (Doc. No. 55, the "Emergency Motion"). After a hearing on the Emergency Motion, the Court entered an Amended Order again providing that Receiver

Exhibit: **A**

possessed the "full power of an equity receiver" and enjoining the Receivership Defendants, Mr. Berger and Deborah D. Berger "from interfering with the use, management, possession, control and liquidation of the Receivership Property by the Receiver." Emergency Motion at 2-3.

In a continued effort to frustrate this Court's orders, Mr. Berger subsequently filed chapter 11 bankruptcy petitions with respect to the following entities:

- Berger Properties of Texas, LLC (15-30313);
- Berger Properties of Ohio, LLC (15-30314);
- Berger Properties of Florida, LLC (15-30315);
- Berger Properties of Maryland, LLC (15-30317);
- S & D Unlimited, LLC (15-30318);
- S & D Unlimited of Texas, LLC (15-30319); and
- The Unlimited Group, Inc. (15-30321) (collectively, the "Debtor Companies").

After a series of hearings, the Honorable Jeff Bohm of the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") removed Mr. Berger as debtor-in-possession and appointed Receiver as debtor-in-possession on an interim basis. The Bankruptcy Court indicated that it intended to order the United States Trustee to appoint a chapter 11 trustee to manage the Debtor Companies. After further consideration of the circumstances, the Bankruptcy Court suggested that it is contemplating appointing Receiver as the permanent debtor-in-possession in place of a chapter 11 trustee. The Bankruptcy Court, however, has concerns regarding whether this Court's Original Order and Amended Order contemplate that Receiver have the sole and full authority to operate, manage, and legally bind the Debtor

---

[1] Defined terms not otherwise defined herein shall have the meaning ascribed to them in Amended Order.

2

Companies. **The Bankruptcy Court is planning to rule on this issue at a hearing this Thursday, January 29, 2015 at 1:45 pm (Central).**

For this reason, the Receiver respectfully requests that this Court enter an order clarifying or, in the alternative, modifying the Amended Order to provide that Receiver shall be the sole and exclusive managing member and representative of each of the Receivership Defendants (to the exclusion of Dr. Stuart Berger and his affiliates), with the sole and exclusive power and authority to manage and direct the business and financial affairs of the Receivership Defendants, including, without limitation, the authority to petition for protection under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), for any or all of the Receivership Defendants and in connection therewith be and be deemed a debtor-in-possession for any or all of the Receivership Defendants in proceedings under Chapter 11 of the Bankruptcy Code, and to prosecute such adversary proceedings and other matters as may be permitted under the Bankruptcy Code and/or applicable law. The Receiver further requests that the requested order further clarify that the Receiver has the authority to act as sole management of the Receivership Defendants, including the authority to act as debtor-in-possession to the extent that any of the Receivership Defendants becomes a debtor as that term is used in the Bankruptcy Code.

WHEREFORE, Receiver respectfully requests that the Court: (i) grant Receiver's Motion; (ii) clarify or modify the Amended Order's provisions as requested therein; and (iii) provide such other and further relief as may be just under the circumstances.

Dated: January 26, 2015.

                              THOMPSON HINE LLP

               By:      /s/ Eric Heyer
                    Eric N. Heyer
                    Virginia Bar No. 73037
                    1919 M Street, N.W., Suite 700
                    Washington, D.C. 20036
                    Telephone: (202) 331-8800
                    Facsimile: (202) 331-8330
                    eric.heyer@thompsonhine.com

                    *Counsel for Receiver Keith M. Northern*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of January 2015, I caused a true and correct copy of the foregoing to be filed with the Clerk via the Court's ECF/ECM system, and service to be electronically effected on all counsel of record. I further certify that on this 26th day of January, 2015, a true and accurate copy of the foregoing was served by email, facsimile, and first class mail, postage prepaid, on the following:

|  |  |
|---|---|
| Michael David Mueller<br>Christian & Barton LLP<br>909 East Main St.<br>Suite 1200<br>Richmond, VA 23219<br><br>*Counsel for Plaintiff Chesapeake Bank* | Thomas Scott Carnes<br>Roy, Larsen, Carnes & Romm, PC<br>109A Wimbledon Square<br>Chesapeake, VA 23320<br><br>*Counsel for Defendants* |

/s/ Eric Heyer
Eric N. Heyer
THOMPSON HINE LLP
1919 M Street, N.W., Suite 700
Washington, D.C. 20036
Telephone: (202) 331-8800
Facsimile: (202) 331-8330
eric.heyer@thompsonhine.com

*Counsel for Receiver Keith M. Northern*